UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DC INJURY SOLUTIONS LLC, | } |
| Plaintiff, | } } } |
| v. | } Case No.: 2:21-CV-01461-RDP |
| MORRIS BART, LLC, et al., | } } } |
| Defendants. | } |

**MEMORANDUM OPINION**

This case is before the court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. # 5). The motion is fully briefed (Docs. # 5, 9, 10) and ripe for decision. For the reasons discussed below, the Motion (Doc. # 5) is due to be granted.

**I.    Background**

Plaintiff DC Injury Solutions is a Florida business that generates leads for personal-injury law firms and operates injurysolution.com. (Doc. # 1 at 1-2). Defendant Morris Bart is a Louisiana attorney who practices with Defendant Morris Bart, LLC, which is a Louisiana law firm. (Docs. # 1 at 1; 2 at 1). As part of its business model, Plaintiff purchases keyword advertising from Google. (Doc # 1 at 2). When Google users search the purchase keywords, Google allegedly displays a paid advertisement for Plaintiff. (*Id.*). Two of the keyword phrases that Plaintiff has purchased are "Morris Bart" and "Morris Bart law firm." (*Id.* at 3). Plaintiff asserts that Defendants demanded it to stop purchasing the two keyword phrases, as the purchases constitute trademark infringement (among other violations). (*Id.*).

Plaintiff filed this declaratory judgment action seeking a declaration from the court that its purchase of the contested keyword phrases is not actionable as "trademark infringement, trademark

dilution, unfair competition, misappropriation of name or likeness, misappropriation of business opportunities, tortious interference, and/or unjust enrichment." (*Id.* at 4). Defendants responded by filing a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). (Doc. # 5 at 1).

**II.    Analysis**

Courts are granted substantial discretion in exercising their jurisdiction under the Declaratory Judgment Act. The Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C. § 2201 (emphasis added). Therefore, § 2201 is merely "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Commission v. Wycoff Co.*, 344 U.S. 237, 241 (1952). "Thus—even when a civil action satisfies federal subject matter jurisdictional prerequisites—a district court still maintains discretion about whether and when to entertain an action under the Declaratory Judgment Act." *Stevens v. Osuna*, 877 F.3d 1293, 1311 (11th Cir. 2017) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)) (internal citations and quotations omitted).

Here, a review of the face of the complaint shows a lack of any basis for the court to conclude that it possesses subject-matter jurisdiction over the alleged controversy. Plaintiff cites the Declaratory Judgment Act as its basis for jurisdiction (Doc. # 1 at 2); however, the Act is merely procedural. By itself, the Act does not confer jurisdiction. And, Plaintiff has not invoked 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity of citizenship). Further, Plaintiff did not cite a statute in their complaint for the court to even infer federal question jurisdiction. Plaintiff also did not allege an amount-in-controversy, so there is no allegation of an amount for the court to consider. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

81, 87 (2014) ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy *allegation* is accepted if made in good faith." (emphasis added)).

There are also several other concerns evident on the face of the complaint. These include: whether there is ripe controversy between the parties; whether the court has personal jurisdiction over Defendants in this action;[1] whether venue is proper in the Northern District of Alabama; and whether the complaint is sufficiently plead under Federal Rule of Civil Procedure 8(a).[2]

―――――――――

[1] To illustrate these concerns, the court briefly analyzes the problems that are presented in the area of personal jurisdiction upon review of the complaint. As relevant here, there are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Again, neither are present based on the face of the complaint.

The court cannot perceive how it has general jurisdiction over Defendants -- a limited liability company with its principal place of business in Louisiana and an individual domiciled in Louisiana. For general jurisdiction to exist, the defendant's "affiliations with the State" must be "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). Thus, individuals are subject to general jurisdiction in the forum where they are domiciled, and corporations are subject to general jurisdiction where they are incorporated and where they have their principal place of business. *Id.* at 137. And because "the reasoning of *Daimler* applies with equal force" to LLCs as it does to corporations, LLCs are subject to general jurisdiction in the state of their formation *and* where they have their principal place of business. *Finn v. Great Plains Lending, LLC*, No. CV 15-4658, 2016 WL 705242, at *3 (E.D. Pa. Feb. 23, 2016); *see Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 338 n. 10 (5th Cir. 2020). Defendants are not at home in Alabama. Thus, the court does not have general jurisdiction over either Defendant.

Also, on its face, the complaint does not indicate that the court has specific jurisdiction over Defendants. One factor for specific jurisdiction is that "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Here, Plaintiff merely alleges that it -- not Defendants -- purchased keyword advertising for purposes of marketing within the State of Alabama. (*See* Doc. # 1 at 1). The only allegation related to Defendants' conduct in the complaint is that they have demanded Plaintiff stop purchasing their names for keyword advertising on Google. (*Id.* at 3). This allegation in no way indicates that Defendants have created a contact related to this suit with Alabama. Therefore, based on this factor alone – and without analyzing the other non-negotiable requirements for specific jurisdiction -- the court concludes that the face of the complaint lacks sufficient facts for the court to exercise personal jurisdiction over Defendants.

[2] There are also other potential policy concerns that relate to bringing this action prematurely including (1) the danger that such an action may supersede the declaratory judgment defendants' choice of forum or (2) the threat that "the sword of litigation" will be raised when alternative dispute resolutions remain viable. *See Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 829-30 (E.D. Va. 2001) (citing *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998); *Bausch & Lomb Inc. v. Alcide Corp.*, 684 F. Supp. 1155, 1160 (W.D.N.Y. 1987); *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995))

**III.     Conclusion**

As the face of the complaint does not provide a sufficient statement of this court's subject-matter jurisdiction (along with the several other concerns), the court declines to exercise its discretion in hearing this Declaratory Judgment action. Accordingly, Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. # 5) is due to be granted.

**DONE** and **ORDERED** this February 11, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE